# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IOAN JOHN VASILIU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-CV-0697-CVE-PJC |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY; U.S. IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT; ) | |
| STANLEY GLANZ, Sheriff, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

On November 1, 2010, Petitioner, a detainee appearing *pro se*, filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus (Dkt. # 1). When he filed his petition, Petitioner, a citizen of Romania, was in custody at the David L. Moss Criminal Justice Center on a hold placed by United States Immigration and Customs Enforcement ("ICE"). In his petition, Petitioner seeks release from custody. Id. For the reasons discussed below, the Court finds this action should be dismissed.

On November 15, 2010, the federal respondents filed a response to the petition combined with a request for dismissal (Dkt. # 8). Respondents state that, at that time, Petitioner was detained at the Rolling Plains Detention Center, located in Haskell, Texas, awaiting transportation to Romania, with a scheduled removal date of November 30, 2010. See Dkt. # 8. On January 5, 2011, the federal respondents filed a supplemental response (Dkt. # 12), to inform the Court that Petitioner had not been removed as scheduled. Respondents provide the affidavit of Aaron Nation, a Deportation Officer for ICE. See Dkt. # 12, Ex. 1. Nation states that on November 30, 2010, immigration agents attempted to board Petitioner on a flight departing from Dallas/Fort Worth

International Airport to Romania. Id. However, Petitioner refused to board the airplane and physically resisted efforts to remove him to Romania. Because of Petitioner's physical resistance, he was returned to the Rolling Plains Detention Center in Haskell, Texas. Id.

After a final order of removal is entered, the government has ninety (90) days to effect the removal. See 8 U.S.C. § 1231(a)(1)(A). In Zadvydas v. United States, 533 U.S. 678 (2001), the United States Supreme Court held that six (6) months is a presumptively reasonable period for holding detainees subject to deportation. The Court stated as follows:

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six (6) months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701. Thus, a detained alien cannot establish a claim for relief simply because he has been detained for more than six (6) months after entry of a final order of removal. He must be able to demonstrate good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Petitioner in this case has failed to establish that there is no significant likelihood of his removal in the reasonably foreseeable future. As noted by Respondent, Petitioner was to be removed from the United States on November 30, 2010. However, because of his own actions, removal could not be effected. The record reflects that ICE had taken all steps necessary to remove Petitioner to Romania. See Dkt. # 12. Petitioner's ongoing detention is not attributable to Respondents. When an alien acts to prevent his or her removal, the government may continue to detain the alien. See 8

2

U.S.C. § 1231(a)(1)(C); Akinwale v. Ashcroft, 287 F.3d 1050 (11th Cir.2002); Wilson v. Zeithern, 265 F. Supp. 2d 628, 635 n.10 (E.D. Va. 2003); Essomba v. BICE/DHS, 2007 WL 1100811 (D.N.J. April 11, 2007) (unpublished).[1] Because Respondents may detain Petitioner while he continues his efforts to avoid removal to Romania, he is not entitled to release from detention. The petition shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice**.
2. Any pending motion is **declared moot**.

**DATED** this 27th day of July, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Unpublished opinion cited for persuasive value. See 10th Cir. R. 32.1(A).